IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE AVEJA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-3280-M-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jose Aveja has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's motion should be denied.

**Background**

Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C), pursuant to a plea agreement and factual resume. He was sentenced to 135 months imprisonment, at the bottom end of the applicable Sentencing Guideline range.

Petitioner's conviction and sentence were affirmed on direct appeal after his appellate attorney filed an *Anders* brief. *See United States v. Aveja*, 492 F. App'x 467 (5th Cir. 2012).

Petitioner then filed this timely Section 2255 motion to vacate, set aside, or

correct sentence, claiming that (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel because his attorney (a) failed to file a motion to suppress; (b) did not investigate or raise an affirmative defense of duress; (c) did not challenge the violation of the Speedy Trial Act; (d) neglected to object to the relevant drug amount calculated by Probation; (e) "miseducated" Petitioner on the applicable statutory minimum and did not object to an improper admonition given by Judge Irma C. Ramirez upon re-arraignment; (f) did not challenge a sentence based upon "materially untrue information"; and (g) was ineffective in plea negotiations; (3) the prosecutor withheld discovery materials; and (4) the Court's drug amount calculations violated *Apprendi*.

## Legal Standards

Post-conviction relief under Section 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude that could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *See United States v. Perez,* 952 F.2d 908, 909 (5th Cir. 1992). To raise an issue for the first time on collateral review, a petitioner must show "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady,* 456 U.S. 152, 167-68 (1982). The only recognized exception to this rule is in an "extraordinary case" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496 (1986).

A Section 2255 motion is a proper procedural vehicle for raising a claim of ineffective assistance of counsel. *See United States v. Pierce,* 959 F.2d 1297, 1301 (5th

Cir. 1992). The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan,* 446 U.S. 335, 344 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel, a petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *See id.* at 687. Second, he must establish that he was prejudiced by the attorney's substandard performance. *See id.* at 691-92.

In order to obtain post-conviction relief due to ineffective assistance of counsel in the context of a guilty plea, the *Strickland* prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy this standard, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a petitioner must establish that he was subjected to additional jail time due to the deficient performance of his attorney. *See United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004) (citing *Glover v. United States,* 531 U.S. 198, 203 (2001)). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh,* 884 F.2d 871, 876 (5th Cir. 1989).

**Analysis**

<u>Voluntariness of Guilty Plea</u>

Petitioner alleges that his guilty plea was involuntary due to unspecified acts of ineffective assistance of counsel.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). The defendant must "'[have] a full understanding of what the plea connotes and of its consequence.'" *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991) (quoting *Boykin v. Alabama,* 395 U.S. 238, 244 (1969)). The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia,* 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with Federal Rule of Criminal Procedure 11's requirements provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id.* at 627.

The record establishes that Petitioner was competent to enter a plea and that his guilty plea was knowing and voluntary. Petitioner was properly admonished in full accordance with Rule 11 before the Court accepted his guilty plea. *See United States v. Aveja*, No. 3:10-cr-232-M(2), Dkt. No. 396. Petitioner consented to enter his guilty plea before a United States Magistrate Judge and pled guilty before Judge Irma C. Ramirez. *See id.* at 5-6. Although Petitioner understands the English language and responded to Judge Ramirez in English, he was also assisted by a Spanish language interpreter. *See id.* at 2-4. Judge Ramirez fully admonished Petitioner in accordance

with Rule 11. First, she informed him of the constitutional rights that he is guaranteed and the consequences of entering a plea of guilty. *See id.* at 6-8. Petitioner testified that he fully understood these consequences. *See id.* at 8. He also confirmed that he received a copy of the indictment, plea agreement, and factual resume, that each document was translated into Spanish, and that he understood each document, including the provisions setting forth the essential elements of the offense. *See id.* at 10-13, 19-20. Petitioner indicated that he understood the range of punishment for the offense and that the facts supporting his guilty plea contained within the factual resume were true and correct. *See id.* at 18-22.

Petitioner also acknowledged that his guilty plea was voluntary and not the result of any promises, threats, or assurances of any kind. *See id.* at 17. When Judge Ramirez inquired if "anyone made you any promises or assurances of any kind in order to get you to plead guilty," Petitioner responded, "No." *Id.* He also indicated that no one "in any way tried to make [him] or get [him] to plead guilty in this case." *Id.* at 12. This sworn testimony carries a strong presumption of verity in a subsequent post-conviction proceeding. *See Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *United States v. Cothran,* 302 F.3d 279, 283-84 (5th Cir. 2002).

Based on Petitioner's answers, Judge Ramirez found that he is fully competent and capable of entering an informed plea, that the plea was knowing and voluntary and supported by an independent basis in fact that contains each of the essential elements of the offense, and recommended that the Court accept Petitioner's guilty plea. *See id.* at 23. The Court accepted Judge Ramirez's recommendation and

Petitioner's guilty plea and found him guilty of the drug conspiracy. *See United States v. Aveja,* No. 3:10-cr-232-M(2), Dkt. No. 197.

Petitioner now alleges that unspecified conduct by his attorney "has led to the forfeiture of Aveja's cherished right to make a knowing and informed decision about whether to plead guilty or go to (continue with) trial." Dkt. No. 2 at 5-7. Nothing in the record supports Petitioner's conclusory and self-serving assertion that his plea – which occurred with the assistance of a Spanish language interpreter – was improperly induced, involuntary, or made without understanding of its consequences. *See Salazar v. United States,* No. 3:08-cv-1799-L, 2008 WL 4791461, at *3 (N.D. Tex. Oct. 31, 2008) (conclusory assertions in Section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary).

Petitioner's sworn testimony carries a strong presumption of veracity in a subsequent habeas proceeding. *See Blackledge,* 431 U.S. at 73-74. His conclusory claim that his plea was in any way flawed is without merit.

<u>Ineffective Assistance of Counsel</u>

*Motion to Suppress, Duress Defense, and Speedy Trial Act*

Petitioner contends that his attorney was ineffective prior to his entry of a guilty plea for failure to file a motion to suppress unspecified testimonial statements and physical evidence obtained pursuant to a search warrant. *See* Dkt. No. 2 at 16-18. He also claims that his attorney should have investigated and asserted a duress defense and challenged the violation of the Speedy Trial Act.

These claims of ineffective assistance of counsel were waived by Petitioner's

valid guilty plea. Claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983). All of these grounds for relief – some of which are presented by Petitioner without any argument or factual support – do not implicate the voluntariness of his plea and are therefore barred. *See id.* (claims of ineffective assistance due to failure to review evidence, investigate witnesses or the legality of petitioner's arrest, and failure to find "holes" in prosecution case were non-jurisdictional and waived by valid guilty plea); *see also, e.g.*, *Hunnicutt v. Thaler,* No. 3:12-cv-121-D, 2013 WL 2367772, at *6 (N.D. Tex. May 30, 2013) (allegations of ineffective assistance of counsel due attorneys' failure to request an examining trial, properly investigate the case, or file pretrial motions barred by valid guilty plea).

In addition, there was no Speedy Trial Act violation for counsel to raise, because Petitioner made his initial appearance on September 20, 2010 and, on October 14, 2010, the Court found that the trial date should be extended until December 13, 2010 because "the ends of justice served by such an extension outweigh the best interests of the public and the defendants in a speedy trial." *United States v. Aveja,* No. 3:10-cr-232-M(2), Dkt. No. 97. The time between October 14, 2010 and Petitioner's guilty plea was excludable from the Speedy Trial clock. *See* 18 U.S.C. § 3161(h)(7)(A). Petitioner's plea agreement was entered on December 2, 2010, and his plea of guilty was entered on December 16, 2010. Accordingly, any motion by counsel would have been meritless. *See, e.g.*, *Sones v. Hargett,* 61 F.3d 410, 415 n.5 (5th Cir. 1995) (counsel is not deficient

-7-

for failing to argue a meritless point).

*Statutory Minimum*

Petitioner also claims that his defense attorney was deficient because he failed to inform him of the applicable statutory minimum or object to Judge Ramirez's allegedly improper sentencing admonishment at the Rule 11 hearing. *See* Dkt. No. 2 at 9-14. Contrary to Petitioner's belief, he was not subject to any statutory minimum for conspiring to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin. That is because – regardless of the drug amount for which he was eventually held responsible under the Sentencing Guidelines – Petitioner was charged with and convicted of an offense pursuant to 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C). *See United States v. Aveja*, No. 3:10-cr-232-M(2), Dkt. Nos. 1 at 1-2 & Dkt. No. 145 at 2. The statutory provision has no minimum prison term; it states that an individual who distributes or possesses with intent to distribute a Schedule II controlled substance "shall be sentenced to a term of imprisonment of not more than 20 years." 21 U.S.C. § 841(b)(1)(C).

This statutory maximum imprisonment was set forth in Petitioner's plea agreement, *see United States v. Aveja*, No. 3:10-cr-232-M(2), Dkt. No. 145 at 2, was raised at re-arraignment, *see id.,* Dkt. No. 396 at 18-19, and was cited by the United States Probation Office in the Presentence Investigation Report, *see id.,* Dkt. No. 252-1 at 22. Petitioner's sentence of imprisonment was based on the factors set forth in 18 U.S.C. § 3553 and the advisory Sentencing Guidelines, which called for a sentence of 135 to 168 months of imprisonment. *See id.*, Dkt. No. 252-1 at 22 & Dkt. No. 413 at 6,

21.

There was no "deliberate deception to inveigle defendant's plea." Dkt. No. 2 at 10. Instead, Petitioner was properly admonished of the statutory sentencing range and sentenced to a term of imprisonment based on the Section 3353(a) factors in connection with the applicable guideline range.

Petitioner has failed to establish that his guilty plea was a result of any misinformation regarding his statutory range of imprisonment, especially because he was informed of the correct statutory provision at his re-arraignment. Any objection to Judge Ramirez's admonition regarding the statutory range would have been frivolous, so counsel was not ineffective for neglecting to raise it.

*Failure to Raise Objections at Sentencing*

Petitioner also faults his attorney for failing to object to the drug amount calculated by the Probation officer or to challenge his sentence based upon "materially untrue information" contained within the Presentence Investigation Report ("PSR"). Dkt. No. 1 at 2; Dkt. No. 2 at 14. Initially, Petitioner does not specify the "materially untrue information" that counsel should have challenged. Vague, self-serving, and conclusory allegations are insufficient to merit habeas relief. *See Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) (bald assertions in *pro se* habeas petition have no probative evidentiary value); *see also Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Petitioner claims that the PSR's drug quantity calculation was incorrect because

"he was holding a package for someone in his house, but did not know the package contained drugs." Dkt. No. 2 at 14. This uncorroborated statement is at odds with the Factual Resume signed by Petitioner, which indicated that Petitioner was a member of a drug trafficking organization, acted as a source of heroin supply for co-conspirator Gregory Washington, provided 10 ounces of heroin to Washington on September 17, 2010, and possessed firearms, heroin, cocaine, and methamphetamine in his home. *See United States v. Aveja*, No. 3:10-cr-232-M(2), Dkt. No. 174 at 2. Petitioner's pleadings on this ground are wholly conclusory and set out no valid bases on which counsel could have challenged the drug quantities attributable to him. As a member of the conspiracy, Petitioner was criminally liable for all reasonably foreseeable drugs attributable to the conspiracy, even if he did not personally see, handle, or sell them. *See United States v. Turner,* 319 F.3d 716, 722-23 & n.7 (5th Cir. 2003). Other than his claim that he did not knowingly possess the package, Petitioner suggests no basis on which to challenge the quantity of drugs set forth based upon the Probation Officer's investigation.

Thus, his contention that his lawyer improperly failed to raise the drug amount issue is a mere conclusory assertion, and as such it fails to prove ineffective assistance of counsel.

*Ineffective Plea Negotiations*

Petitioner also contends that his attorney was "ineffective in plea negotiations." Dkt. No. 1 at 2. Petitioner fails to allege any facts to support his claim that counsel was ineffective in any way in connection with plea negotiations, nor does he explain how

any such conduct was prejudicial. He certainly does not establish that counsel's ineffectiveness led to an involuntary guilty plea or resulted in additional imprisonment. This conclusory assertion does not merit post-conviction relief. *See Miller*, 200 F.3d at 282.

Discovery Violations

Petitioner also claims that he was "denied due process of law through the withholding of discovery in this case." Dkt. No. 1 at 2. Initially, he does not specify the discovery that was withheld nor how such conduct worked to his detriment. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (*pro se* litigants are still required to provide sufficient facts in support of their claims). In any case, the Fifth Circuit has held that a guilty plea forecloses a defendant's *Brady* claims. *See United States v. Conroy,* 567 F.3d 174, 178 (5th Cir. 2009) (citing *Matthew v. Johnson,* 201 F.3d 353 (5th Cir. 2000) and *Orman v. Cain,* 228 F.3d 616 (5th Cir. 2000)). The Fifth Circuit stated:

> Because a *Brady* violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation.

*Matthew*, 201 F.3d at 361-62; *see also Wiand v. United States*, No. 3:10-cv-1420-M-BF, 2012 WL 1033623, at *3 (N.D. Tex. Jan. 17, 2012), *rec. adopted*, 2012 WL 1037439 (N.D. Tex. Mar. 27, 2012). Accordingly, this claim is foreclosed.

*Apprendi* Claim

Finally, Petitioner asserts that the Court's drug amount findings constitute a

violation of his Sixth Amendment rights because the relevant drug amount was a sentencing factor not determined by the factfinder beyond a reasonable doubt. *See* Dkt. No. 1 at 2 (citing *Apprendi v. New Jersey,* 530 U.S. 466 (2000)). However, *Apprendi* and its progeny, including *Alleyne v. United States*, 133 S. Ct. 2151 (2013), establish only that a jury must decide any fact, other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. Petitioner's sentence did not exceed the statutory maximum for his drug conspiracy conviction. Nor did any of the Court's findings increase any mandatory minimum applicable or applied to the offense.

Because Petitioner's sentencing claim is without merit and is not cognizable on collateral review, it should be denied.

Evidentiary Hearing

Petitioner appears to seek an evidentiary hearing in this case. *See* Dkt. No. 2 at 18-19. In Section 2255 proceedings, a Petitioner is entitled to an evidentiary hearing if the Court is unable to rule on the motion based on the answer, transcripts, and records of prior proceedings, and materials submitted under Rule 7 of the Rules Governing Section 2255 Proceedings. *See* RULES GOVERNING SECTION 2255 CASES, RULE 8(a).

"'A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Reed,* 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992)). Conclusory allegations,

unsubstantiated by evidence, do not support the request for an evidentiary hearing. *See id.*

Here, Petitioner has not established any basis for granting an evidentiary hearing. There are no unresolved issues of fact requiring such a hearing, and the motion, files, and records of the case conclusively establish that Petitioner is entitled to no relief.

Accordingly, a hearing is not warranted.

## Recommendation

Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79

F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 17, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE